UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KAREN K. SIMONS, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>JULYA F. TIZENBERG, a/k/a JULIE TIZENBERG, an individual, d/b/a GLOBAL FARES; and VITALIY A. MOSHLEVETS, a/k/a VITALY MOSHLEVETS, an individual, d/b/a GLOBAL FARES,<br><br>  Defendants. | Case No. 1:21-cv-580<br><br>Hon. |

## COMPLAINT AND JURY DEMAND

Plaintiff Karen K. Simons, by and through her counsel, Westbrook Law PLLC, for her Complaint against Defendants Julya F. Tizenberg, a/k/a Julie Tizenberg, doing business as Global Fares; and Vitaliy A. Moshlevets, a/k/a Vitaly Moshlevets, doing business as Global Fares, states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO Act"), due to Defendants' deceptive and fraudulent conduct constituting wire fraud, embezzlement of funds from Plaintiff, fraudulent conduct in converting such funds, fraudulent transfers and misrepresentations undertaken to effect and further their scheme to obtain funds by fraud and embezzlement, and money laundering, as part of a pattern of racketeering activity that damaged Plaintiff.

2. This action includes supplemental claims under the laws of the State of Michigan, including the Uniform Voidable Transactions Act, ("MUVTA"), Mich. Comp. Laws § 566.31 *et seq.*; Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 *et seq.*; statutory conversion, Mich. Comp. Laws § 600.2919a; and Michigan common law, in connection with Defendants' embezzlement of funds belonging to Plaintiff and intentionally fraudulent actions in attempting to place assets beyond the reach of Plaintiff as a creditor of VM Solutions Consulting, Inc., a California corporation owned and operated by Defendants and used by them to commit and conceal their fraud and embezzlement.

## THE PARTIES

3. Plaintiff Karen. K. Simons is an individual residing in Alto, Kent County, Michigan. Plaintiff is a citizen of the State of Michigan.

4. Defendant Julya F. Tizenberg, also known as Julie Tizenberg, is an individual residing and doing business in San Francisco, California. Defendant Tizenberg is a citizen of the State of California.

5. Defendant Tizenberg uses several assumed names, including "Global Fares," "Humana Travel," and "Group-Desk.com," and operates several websites that purport to offer travel agency services, including globalfares.com, humanatravel.com, and group-desk.com.

6. Defendant Tizenberg also acts as the President and CEO and is an owner of VM Solutions Consulting ("VMS"), a California corporation associated with the assumed name "Global Fares."

7. Defendant Vitaliy A. Moshlevets, also known as Vitaly Moshlevets, is an individual residing and doing business in San Francisco, California. Defendant Moshlevets is a citizen of the State of California.

8. Defendants Moshlevets and Tizenberg are husband and wife.

9. Defendant Moshlevets uses several assumed names, including "Global Fares" and "Presaleflights.com Inc.," and operates several websites that purport to offer travel agency services, including globalfares.com and presaleflights.com.

10. Defendant Moshlevets also acts as Secretary and is an owner of VMS.

11. As part of their solicitation of travel booking business from consumers, Defendants operate various telephone numbers that use interstate wires, including (877) 779-7906, (415) 228-0230, (754) 777-8069, and (415) 653-3381.

12. During all relevant times, Defendants controlled the day-to-day operations of VMS.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

14. During the relevant time period, Defendants conducted systematic and continuous business within the State of Michigan by advertising and purporting to offer travel agency services to persons within the State Michigan on a routine basis.

## FACTUAL ALLEGATIONS

15. In fall of 2019, Plaintiff began planning a large family trip to Germany. She intended to pay for the airfare of all travelers using an inheritance and began researching pricing for the 14 round-trip airline tickets that would be required.

3

16. While researching flights and pricing on the website of United Airlines, Plaintiff was alerted to a request form for group travel rates, which she filled in and submitted.

17. Unknown to Plaintiff, her travel and personal information was either sent by United Airlines or diverted from United Airlines to Defendants.

18. Weeks later, Plaintiff was contacted by Defendant Tizenberg and began communicating with her regarding a group rate for the trip. At that time, Plaintiff believed Tizenberg was a representative of United Airlines, and Tizenberg did not communicate any information to Plaintiff that indicated otherwise.

19. Tizenberg utilized an intentionally deceptive email domain, julie@group-desk.com, in communicating with Plaintiff and others, in an effort to conceal that Tizenberg was not affiliated with United Airlines.

20. United Airlines's website directs travelers looking for group rates to "United's dedicated Group Desk," a fact known to and exploited by Tizenberg to deceive consumers regarding her identity.

21. In email communications with Plaintiff, Tizenberg provided details of the flights for which tickets would be purchased. The itinerary showed a departure from Grand Rapids on May 13, 2020 and return from Munich on May 23, 2020.

22. Plaintiff paid $14,465.22 using a credit card for the purchase of the 14 tickets on November 15, 2019. Transaction records later indicated that the funds were paid to VMS.

23. Plaintiff would not have paid $14,465.22 to Defendants or VMS had she known they were not acting on behalf of United Airlines or that the funds would not be paid directly to United Airlines.

24. Through telephonic or electronic means, Defendants caused the 14 plane tickets to be purchased on Plaintiff's behalf from United Airlines by Florida company Global Marine Travel LLC.

25. Neither Defendant, nor anyone else purporting to act on behalf of VMS or Global Fares, ever informed Plaintiff that her funds would be paid to one or more intermediaries rather than to the airline itself for the purchase of the airline tickets.

26. Plaintiff discovered that Tizenberg was working as a travel agent and not as an agent of United Airlines in December of 2019 after calling United Airlines to resolve a problem with one of the tickets.

27. Thereafter, when Plaintiff mentioned to Tizenberg her surprise upon learning that Tizenberg did not work for United Airlines, Tizenberg did not respond.

28. Before May 13, 2020, United Airlines canceled the flights in question.

29. After cancelling the flights, United Airlines began processing refunds of the fares paid for the tickets.

30. According to industry standard practices, in June of 2020, United Airlines refunded the price of each of the 14 tickets to the immediate purchaser of the tickets, Global Marine Travel LLC, rather than to Plaintiff.

31. Refund checks for the 14 tickets were issued by United Airlines to Global Marine Travel LLC in June of 2020.

32. Starting in June of 2020, Plaintiff communicated with individuals purporting to act on behalf of VMS, including both Tizenberg and Moshlevets, numerous times by email to request a refund of amounts paid for the 14 plane tickets.

33. Defendants acknowledged receipt of Plaintiff's refund request, but refused to issue a refund in any amount.

34. Defendants communicated intentionally false and misleading information to Plaintiff, including that Plaintiff was required to accept credit, in an amount much less than the amount paid and redeemable only at an unspecified future time, in lieu of an actual refund.

35. Defendants did not intend to, and did not, provide any credit to Plaintiff for the purchase of airfare.

36. Plaintiff demanded a refund through written correspondence, including through counsel, several times in and after June of 2020.

37. VMS and Defendants failed to respond to any of Plaintiff's correspondence since June of 2020.

38. To date, Plaintiff has received no refund of any of the funds she paid for the airfare or any of the funds delivered from Global Marine Travel LLC to VMS and Defendants.

39. All funds delivered from Global Marine Travel LLC to VMS and Defendants in connection with the refunds from United Airlines (the "Refunds") were the property of Plaintiff entrusted to the care of Defendants.

40. The Refunds were held in constructive trust by VMS and Defendants for the benefit of Plaintiff.

41. Defendants' failure and refusal to tender the Refunds to Plaintiff constituted embezzlement and conversion.

42. Following receipt of the Refunds from Global Marine Travel LLC in June of 2020, Defendants diverted the funds from VMS to themselves and exercised dominion and control over them.

43. After VMS and Defendants failed to respond to numerous communications from Plaintiff and Plaintiff's counsel regarding the Refunds, Plaintiff filed suit against VMS in Kent County on December 21, 2020. (Compl., *Simons v. VM Solutions Consulting, Inc.*, No. 09643-CP, the "VMS Lawsuit.")

44. Defendants refused to accept service of the VMS Lawsuit and intentionally avoided mail and personal service.

45. Defendants were served with the VMS Lawsuit under an Order for Alternate Service on March 3, 2021. A default judgment was entered against VMS in the amount of $58,310.00 on April 6, 2021.

46. Post-judgment investigations have indicated that VMS has no assets against which the VMS Lawsuit judgment may be satisfied and is insolvent.

47. Defendants intentionally drained VMS of assets that could have been used to satisfy the VMS Lawsuit judgment and/or return the amount of the Refunds to Plaintiff, without providing anything of value to VMS.

48. Defendants exercised wrongful dominion and control over the Refunds by transferring the amount received by VMS from Global Marine Travel LLC to themselves or entities controlled by them.

49. Defendants did not observe corporate formalities for VMS, but rather commingled VMS funds with their own, utilized VMS assets as if their own, and abused the corporate form to perpetrate and perpetuate frauds.

## COUNT I – RICO ACT

50. The foregoing paragraphs are incorporated herein by reference.

51. Defendants engaged in a pattern of committing wire fraud under 18 U.S.C. § 1343 by obtaining money by means of false pretenses transmitted through interstate wires.

52. Defendants violated 18 U.S.C. § 1343 by concealing their identities in communications with Plaintiff and intentionally giving the false impression—*inter alia*, by using the deceptive email domain group-desk.com and intentionally withholding their status as independent agents—that they were employees or agents of United Airlines in order to encourage Plaintiff to pay money to Defendants.

53. Defendants swindled at least five (5) other customers of United Airlines in the same manner during the years 2019 and 2020, by using false and fraudulent misrepresentations indicating Defendants worked for United Airlines to obtain consumers' money.

54. Plaintiff paid $14,465.22 to VMS based on Defendants' violations of 18 U.S.C. § 1343 and has received no refund in any amount, while Defendants have retained, diverted, converted, and embezzled the amount of the Refunds.

55. Defendants knew the funds VMS received from Plaintiff were proceeds of unlawful activity, including embezzlement and wire fraud, and that retaining, transferring, or otherwise dissipating the Refunds was unlawful.

56. Defendants transferred to themselves, spent for their own purposes, or otherwise dissipated the Refunds in order to conceal the source, ownership, and control of the proceeds and to prevent Plaintiff from recovering the funds.

57. Defendants' conduct violated 18 U.S.C. §§ 1956 and 1957.

58. Defendants' violations of 18 U.S.C. §§ 1956 and 1957 were part of a pattern of similar violations by Defendants, who laundered and transacted in the proceeds of their

embezzlement of funds, derived from wire fraud, from at least five (5) other consumers during 2020.

59. Defendants participated in a pattern of racketeering activity and received income from such pattern in violation of 18 U.S.C. § 1962.

60. A civil remedy is provided to Plaintiff under 18 U.S.C. § 1964(c) because Plaintiff suffered economic injury by reason of Defendants' violations of 18 U.S.C. § 1962.

WHEREFORE, Plaintiff requests that judgment enter in her favor and against Defendants, jointly and severally, specifying the following relief:

   a. Three times the amount of actual damages sustained by Plaintiff;

   b. Costs and reasonable attorney fees as provided in 18 U.S.C. § 1964(c); and

   c. Such further equitable and legal relief as the Court deems just.

## COUNT II – FRAUD

61. The foregoing paragraphs are incorporated herein by reference.

62. Defendants represented to Plaintiff that they were agents of and/or affiliated with United Airlines, knowing such representations to be false.

63. As agents of Plaintiff, Defendants owed Plaintiff a duty to disclose all material information regarding the transaction, including that they were not affiliated with United Airlines.

64. In reliance on Defendants' misrepresentations and deliberate failures to disclose material information, Plaintiff paid $14,465.22 to VMS, thinking she was paying that same amount to United Airlines.

65. Plaintiff was damaged by Defendants' fraud.

WHEREFORE, Plaintiff requests that judgment enter in her favor and against Defendants, jointly and severally, specifying the following relief:

    a. Actual damages sustained by Plaintiff; and

    b. Such further equitable and legal relief as the Court deems just.

### COUNT III – MICHIGAN UNIFORM VOIDABLE TRANSACTIONS ACT

66. The foregoing paragraphs are incorporated herein by reference.

67. In or after June of 2020, Defendants caused the Refunds to be transferred from VMS to themselves or entities owned and controlled by Defendants.

68. VMS was insolvent at the time Defendants caused the Refunds to be transferred from VMS to themselves.

69. VMS did not receive reasonably equivalent value in exchange for the transfer of the Refunds.

70. Defendants are insiders of VMS because they own and control VMS and are alter egos of VMS.

71. Defendants caused all of VMS's assets to be dissipated and transferred to themselves in and after June of 2020, at a time when VMS owed a debt to Plaintiff.

72. Defendants' transfers of VMS's assets to themselves, including after entry of the VMS Lawsuit judgment, were made with actual intent to defraud, hinder, or delay Plaintiff.

73. The transfers of funds and other assets from VMS in and after June of 2020 are voidable transactions under Michigan's Uniform Voidable Transactions Act, Mich. Comp. Laws § 566.31 *et seq.* ("MUVTA").

74. MUVTA allows voidable transfers to be recovered from the transferees, Mich. Comp. Laws § 566.37.

WHEREFORE, Plaintiff requests that judgment enter in her favor and against Defendants, jointly and severally, specifying the following relief:

      a. Declaring that the transfers of funds and assets from VMS in and after June of 2020 are void;

      b. Imposing a constructive trust over funds received by Defendants;

      c. Awarding Plaintiff her actual damages sustained in the amount of $58,310.00 plus interest; and

      d. Such further equitable and legal relief as the Court deems just.

### COUNT IV - MICHIGAN CONSUMER PROTECTION ACT ("MCPA")

75. The foregoing paragraphs are incorporated herein by reference.

76. The MCPA prohibits "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services," Mich. Comp. Laws § 445.903(a), and making representations "that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have." Mich. Comp. Laws § 445.903(c).

77. Defendants violated the MCPA by deliberately representing and suggesting that they acted on behalf of United Airlines, when in fact they had no affiliation with United Airlines.

78. The MCPA makes unlawful "[c]ausing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction." Mich. Comp. Laws § 445.903(n).

79. Defendants' communications to Plaintiff regarding the availability of a refund violated the MCPA.

80. The MCPA makes unlawful "[f]ailing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available,

the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest." MCL 445.903(u).

81. Defendants' failure and refusal to refund the purchase price of the 14 airline tickets to Plaintiff violated the MCPA.

82. Plaintiff has suffered actual damages as a result of Defendants' violations of the MCPA, including the loss of the entire $14,465.22 payment made on November 15, 2019.

WHEREFORE, Plaintiff requests that judgment enter in her favor and against Defendants, jointly and severally, specifying the following relief:

a. Actual damages in the amount of $14,465.22 and any additional consequential damages proved at trial;

b. An award of reasonable attorney fees pursuant to MCL 445.911(2); and

c. Such further legal and equitable relief as the Court deems just.

### COUNT V – CONVERSION

83. The foregoing paragraphs are incorporated here by reference.

84. Defendants took wrongful dominion and control of funds belonging to Plaintiff as a result of receipt and retention of the Refunds.

85. Defendants have failed and refused upon demand to return any of the funds to Plaintiff.

WHEREFORE, Plaintiff requests that judgment enter in her favor and against Defendants, jointly and severally, specifying the following relief:

a. Damages in an amount to be proven at trial; and

b. Such further legal and equitable relief as the Court deems just.

## COUNT VI – STATUTORY CONVERSION

86. The foregoing paragraphs are incorporated here by reference.

87. Michigan law provides additional relief to victims of conversion under Mich. Comp. Laws § 600.2919a.

88. Defendants embezzled and converted Plaintiff's funds to their own use and have refused and failed to return any of Plaintiff's funds upon demand.

WHEREFORE, Plaintiff requests that judgment enter in her favor and against Defendants, jointly and severally, specifying the following relief:

a. 3 times the amount of actual damages sustained, pursuant to Mich. Comp. Laws § 600.2919a(1);

b. An award of costs and reasonable attorney fees, *id.*; and

c. Such further legal and equitable relief as the Court deems just.

## COUNT VII – UNJUST ENRICHMENT

89. The foregoing paragraphs are incorporated herein by reference.

90. Defendants obtained funds belonging to Plaintiff as result of VMS's receipt of the Refunds and Defendants' transfer of those funds to themselves and exercise of control and dominion over the funds.

91. It would be unjust for Defendants to retain the benefit obtained from Plaintiff while depriving Plaintiff of the benefit of her own funds.

WHEREFORE, Plaintiffs request that judgment enter in their favor and against Defendants, jointly and severally specifying the following relief:

a. Damages in an amount to be determined at trial;

    b. Imposing a constructive trust over any and all funds received by Defendants and rightfully belonging to Plaintiff; and

    c. Such further legal and equitable relief as the Court deems just.

Respectfully submitted,

Dated: July 9, 2021

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

## JURY DEMAND

Karen K. Simons, by and through her counsel, hereby demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

Dated: July 9, 2021

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net